**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHELLE BELL, on Behalf of Herself and on Behalf of All Others Similarly Situated,** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.: 3:26-CV-01100** |
| **V.** | § | |
| **SAM'S WEST, INC.,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION

1. Plaintiff Michelle Bell ("Plaintiff"), on behalf of herself and all others similarly situated ("Class Members"), files this Class Action Complaint and Jury Demand ("Complaint") against Sam's West, Inc. ("Defendant" or "Sam's Club").

2. Sam's Club implemented an illegal policy requiring its hourly, non-exempt employees, including Plaintiff and the Class Members, to undergo mandatory security screenings each shift without pay. These mandatory screenings constitute compensable time worked by Plaintiff and the Class Members and by failing to pay them for such time worked, Sam's Club violated Illinois law and breached its agreement to pay Plaintiff and the Class Members for all "hours worked."

3. Sam's Club's conduct violates Illinois law because Sam's Club failed to pay Plaintiff and the Class Members overtime pay for hours worked over 40 hours in a workweek, as required by the Illinois Minimum Wage Law ("IMWL"). *See* 820 ILCS § 105/1 *et seq*.

4. Sam's Club's conduct also violates the state laws of Illinois because Sam's Club failed to pay its Illinois employees all their earned wages as required by the Illinois Wage Payment and Collection Act ("IWPCA"). 820 ILCS 115/1 *et seq*.

5. Plaintiff further alleges that Sam's Club's conduct violates the common law of Illinois and as a result, she is owed unpaid straight time compensation in the weeks when she worked less than 40 hours under the theory of Quantum Meruit

6. Plaintiff brings this lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, penalties, and attorneys' fees and costs due to them and similarly situated employees.

## PARTIES

### A. Plaintiff

7. Plaintiff Michelle Bell is an individual residing in Venice, Illinois. She worked for Sam's Club as an hourly, non-exempt employee in Illinois.

### B. Defendant

8. Defendant Sam's West, Inc. is a foreign corporation with its headquarters in Arkansas. Its registered agent for service of process is CT Corporation System, 208 SO Lasalle St., Suite 814, Chicago, IL 60604-1101.

### C. Class Members

9. The "IMWL Class Members" are all current and former hourly paid employees of Sam's Club who underwent a security screening during at least one week in Illinois in the three-year period before the filing of the Complaint until final resolution of this action.

10. The "IWPCA Class Members" are all current and former hourly paid employees of Sam's Club who underwent a security screening during at least one week in Illinois in the ten year period prior to the filing of the Complaint until final resolution of this action.

11. The "Common Law Class Members" are all current and former hourly paid employees of Sam's Club who underwent a security screening during at least one week in Illinois when they worked less than 40 hours in the four-year period before the filing of the Complaint until final resolution of this action.

12. The IMWL Class Members, IWPCA Class Members and the Common Law Class Members shall be collectively referred to as the "Class Members."

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over Sam's Club because it has purposefully availed itself of the privileges of conducting activities in Illinois and established minimum contacts sufficient to confer jurisdiction. Specifically, Sam's Club does business in Illinois, maintains offices in Illinois, advertises in Illinois, markets to Illinois consumers, and employs Illinois residents. The violations of law forming the basis of this action also occurred in Illinois. The assumption of jurisdiction over Sam's Club will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Finally, Sam's Club has registered to do business in Illinois and maintains a registered agent for service of process in Illinois.

14. This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this Court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and Sam's Club are citizens of different states

– specifically, Plaintiff is a citizen of Illinois and Sam's Club is a citizen of Arkansas, where it maintains its principal place of business. Moreover, the number of proposed Class Members in Illinois is believed to exceed 100 individuals.

15. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district, including many of the alleged wrongs. Plaintiff worked in this district and was denied wages in this district.

## COVERAGE UNDER THE IMWL

16. At all material times, Sam's Club has been governed by and subject to the IMWL.

17. At all material times, Sam's Club was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the Class Members.

18. At all material times, Sam's Club was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the Class Members. *See* IMWL, 820 ILCS § 105/3(c); IWPCA, 820 ILCS § 115/2.

19. At all material times, Plaintiff and the Class Members were employees of Sam's Club within the meaning of the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/2.

## FACTUAL BACKGROUND

### A. Plaintiff's Employment with Sam's Club

20. Sam's Club operates a chain of membership-only warehouse retail stores. These stores sell products and goods to consumers. To provide its retail services, Sam's Club owns and operates distribution centers across Illinois.

21. The distribution centers are large warehouses where products and goods are stored to be delivered to the retail stores. These distribution centers operate 24 hours a day.

22. Plaintiff worked for Sam's Club from 2018 to May 2025. She worked at the Sam's Club distribution center in Edwardsville, Illinois, and other locations for Sam's Club in Illinois.

23. Plaintiff worked as a warehouse team member. Her job duties included moving boxes and packages from location in the warehouse to another. She was paid approximately $20 per hour. She normally worked a six day per week schedule that was Monday through Saturday. Her shift was normally from 7 am to 4 pm. She regularly worked more than 40 hours in a week.

### B. Plaintiff and the Class Members Were Not Paid for All Hours Worked as a Result of Completing Security Screenings Off the Clock.

24. As hourly, non-exempt employees, Plaintiff and the Class Members were required to clock-in and clock-out each day. Unfortunately, Sam's Club did not pay Plaintiff and the Class Members for all hours that they worked each day.

25. Sam's Club required its employees to arrive at its facilities prior to the start of their scheduled shifts. However, when employees arrived for their scheduled shifts, they were not allowed to clock-in for the day. That is because Sam's Club required its employees to undergo a mandatory security screening prior to clocking in each day.

26. Although the security screening was required by Sam's Club, Sam's Club did not pay any of its employees, including Plaintiff and the Class Members, for the time spent undergoing the security screening. As a result, Sam's Club did not pay Plaintiff and the Class Members for all hours they worked.

27. In particular, prior to the start of their scheduled shifts, Sam's Club employees were required to form a line at the entrance to the facility. Sam's Club employees were then called one-by-one to a checkpoint where the security screening took place. During the security screenings,

Sam's Club employees were required to walk through a metal detector, and submit any bags and other personal items to be searched.

28. If the metal detector's alarm sounded, the employee was required to undergo a secondary security screening. During the secondary security screening, the Sam's Club employee was subject to a personal search with a handheld wand to detect and identify any unauthorized items in the possession of the Sam's Club employee. Employees were required to empty their pockets and remove all metal objects. If the employee passed the screening, the employee was then allowed to walk to the next station where the employee was able to clock-in.

29. The amount of time it took to wait in line and undergo the security screening was approximately 15 minutes to 20 minutes on average. This amount of time could be longer depending upon the number of other Sam's Club employees in line for the security screening.

30. In fact, given that long lines could form, Sam's Club employees needed to show up well before the start of their shifts to have enough time to wait in line and complete the screening. The Plaintiff and Class Members arrived at Sam's Club facilities at times 15-30 minutes before the start of their shifts so that they would have enough time to complete the mandatory on-site screening and then clock-in by the start of their scheduled shift.

31. The pre-shift security screening should have been paid by Sam's Club because it constitutes compensable hours worked under Illinois law. Plaintiff v. Amazon.com Servs., LLC, 2026 IL 132016 (Mar. 19, 2026).

32. Under Illinois law, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

33. The time spent waiting in line and completing the screenings is compensable under Illinois law as this time was required by Sam's Club and conducted on the premises of Sam's Club.

34. As a result of Sam's Club's conduct, Plaintiff and the Class Members are owed significant unpaid wages and penalties.

35. Plaintiff and the Class Members are and were non-exempt employees.

36. Plaintiff and the Class Members are paid on an hourly rate basis.

37. When they work more than 40 hours in a workweek, they are entitled to overtime pay.

38. Although Sam's Club employs electronic "clocking-in" technology, this technology was not made accessible to Plaintiff and the Class Members before the screenings.

**C. Sam's Club failed to pay Plaintiff and the Class Members for the time spent walking to and from the time clocks on the premises of Sam's Club.**

39. Before clocking-in and after clocking out, Plaintiff and the Class Members were required to walk down designated pathways towards the time clocks.

40. The time spent walking to and from the time clocks is compensable. Such activity is required by Sam's Club and conducted on Sam's Club's premises.

41. Again, under Illinois law, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

42. The time spent walking to and from the time clocks is compensable under Illinois law.

43. Additionally, pursuant to the continuous workday rule, once the first compensable activity is performed, all subsequent activities performed are compensable regardless of the

amount of time each specific individual activity takes. *See* 29 C.F.R. § 790.6(a). The continuous workday rule requires compensation from the start of the first compensable activity to the last compensable activity. *See id*. Specifically, section 790.6(a) states as follows:

> Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked to the same extent as would be required if the Portal Act had not been enacted.

*Id*.

44. Thus, pursuant to the continuous workday rule, Plaintiff and the Class Members are entitled to compensation from the time they arrived at the Sam's Club facility to the time they clocked in.

45. Due to the substantial pre-shift and post-shift work, Plaintiff and the Class Members were not paid for all time worked each day and are owed significant unpaid wages.

46. Sam's Club's method of paying Plaintiff and Class Members in violation of Illinois law was willful and was not based on a good faith and reasonable belief that its conduct complied with the law. Sam's Club knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following Classes, which are comprised of:

> **IMWL Class: All current and former hourly paid employees of Sam's Club who underwent a security screening during at least one week in Illinois in the three-year period before the filing of the Complaint until final resolution of this action.**

> **IWPCA Class: All current and former hourly paid employees of Sam's Club who underwent a security screening during at least one week in Illinois in the ten year period prior to the filing of the Complaint until final resolution of this action.**

> **<u>Common Law Class</u>: All current and former hourly paid employees of Sam's Club who underwent a security screening during at least one week in Illinois when they worked less than 40 hours in the four-year period before the filing of the Complaint until final resolution of this action.**

48. <u>Numerosity</u>: The number of members in the Classes is believed to exceed forty (40) and in fact, is likely to be in the thousands. This volume makes bringing the claims of each individual member of the Classes before this Court impracticable. Likewise, joining each individual member of the Classes as a Plaintiff in this action is impracticable. Furthermore, the identity of the members of the Classes will be determined from Sam's Club's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Sam's Club.

49. <u>Typicality</u>: Plaintiff's claims are typical of the Class Members' claims because like the members of the Classes, Plaintiff was subject to Sam's Club's uniform policies and practices and was compensated in the same manner as others in the Classes. Sam's Club failed to pay the Class Members for all hours they worked. Additionally, members of the Classes worked substantially more than forty (40) hours in a week as non-exempt employees. Accordingly, Plaintiff and the Class Members have been uncompensated and/or under-compensated in weeks when they worked less than 40 hours and in weeks when they worked more than 40 hours as a result of Sam's Club's common policies and practices which failed to comply with Illinois law. As such, Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all members of the Classes sustained damages arising out of and caused by Sam's Club's common course of conduct in violation of law as alleged herein.

50. <u>Adequacy</u>: Plaintiff is a representative party who will fairly and adequately protect

the interests of the Class Members because it is in her interests to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Illinois law. Plaintiff has retained attorneys who are competent in both class actions and wage-and-hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

51. Commonality: Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

a. Whether Plaintiff and the Class Members are entitled to compensation for the time spent in the security screenings;

b. Whether the time spent walking to and from the time clocks is compensable;

c. The amount of time spent in the security screenings;

d. The amount of time spent walking to and from the time clocks;

e. Whether Plaintiff and the Class Members worked more than forty (40) hours in a workweek;

f. Whether Sam's Club failed to pay Plaintiff and the Class Members wages for all hours worked, including overtime hours; and

g. The proper measure of damages sustained by Plaintiff and the Class Members.

52. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Classes could afford to pursue individual litigation against a company the size of Sam's Club, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual

members of the Classes would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Sam's Club.

53. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class Members by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of the members of the Classes is readily identifiable from Sam's Club's records.

54. This type of case is well-suited for class action treatment because: (1) Sam's Club's practices, policies, and/or procedures were uniform; (2) the burden is on Sam's Club to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Sam's Club to accurately record hours worked by employees. Ultimately, a class action is a superior form to resolve the Illinois claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Sam's Club to pay Plaintiff and the Class Members per applicable Illinois laws.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF ILLINOIS MINIMUM WAGE LAW
### (On behalf of Plaintiff and the IMWL Class Members)

85. Plaintiff incorporates each allegation set forth in paragraphs **Error! Reference source not found.** through 46.

86. The Illinois Minimum Wage Law ("IMWL") entitles covered employees to overtime compensation of not less than 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

87. Sam's Club is subject to the IMWL's overtime requirements because Sam's Club is an employer under 820 Ill. Comp. Stat § 105/3(c).

88. During all relevant times, Plaintiff and the IMWL Class were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

89. Plaintiff and the IMWL Class are not exempt from the IMWL.

90. Plaintiff and the IMWL Class routinely worked in excess of 40 hours per workweek.

91. As described in the foregoing paragraphs, Sam's Club's compensation policies and practices are in violation of the IMWL. *See* 820 ILCS § 115/1 *et seq*.

92. Sam's Club knowingly failed to compensate Plaintiff and the IMWL Class for all hours worked and hours worked in excess of 40 hours in a workweek, in violation of the IMWL. *See* 820 Ill. Comp. Stat. § 105/4a(1).

93. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), employers such as Sam's Club who fail to pay an employee wages in conformance with the IMWL, shall be liable to the employee for, inter alia, unpaid wages for three years prior to the filing of the lawsuit, statutory penalties in the amount of 5% per month of the amount of underpayment, and reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## (On behalf of Plaintiff and the IWPCA Class Members)

94. Plaintiff incorporates each allegation set forth in paragraphs **Error! Reference source not found.** through 46.

95. This count arises under the Illinois Wage Payment and Collection Act ("IWPCA") for Sam's Club's failure and refusal to pay Plaintiff and the IWPCA Class Members for all the wages they earned.

96. The IWPCA requires employers to pay employees all wages earned within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

97. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of 5% of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

98. Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

99. Sam's Club agreed to pay Plaintiff an hourly rate of pay for the time they spent performing the duties and/or tasks Sam's Club directed them to perform.

100. Sam's Club agreed to pay the IWPCA Class Members an hourly rate of pay for the time they spent performing the duties and/or tasks Sam's Club directed them to perform.

101. During the course of their employment with Sam's Club, and as a result of Sam's Club's screening, Sam's Club did not compensate Plaintiff for all time she spent performing the duties and/or tasks Sam's Club directed her to perform.

102. Sam's Club also failed to pay the IWPCA Class Members for all time they spent performing the duties and/or tasks Sam's Club directed them to perform.

103. Sam's Club's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the IWPCA Class Members for all wages they earned.

104. As a direct and proximate result of this practice, Plaintiff and the IWPCA Class Members have suffered loss of income and other damages to be determined at trial.

105. As such, Plaintiff and the IWPCA Class Members are entitled to the underpayment, damages in the amount of 5% per month of the amount of the underpayment, and reasonable attorneys' fees and costs. *See* 820 Ill. Comp. Stat. § 115/14.

**THIRD CLAIM FOR RELIEF**
**UNJUST ENRICHMENT/QUANTUM MERUIT**
**(On behalf of Plaintiff and the Common Law Class Members)**

106. Plaintiff incorporates each allegation set forth in paragraphs **Error! Reference source not found.** through 46.

107. Sam's Club implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a physical and medical examination to check for symptoms of the Coronavirus each shift. This examination was imposed by Sam's Club as a requirement to work each shift. The examination was conducted on the premises of Sam's Club, was required by Sam's Club, and was necessary for each employee to perform his/her work for Sam's Club.

108. Sam's Club did not pay employees for the time they spent undergoing the COVID-19 screenings.

109. Plaintiff and the Common Law Class Members provided and furnished Sam's Club their valuable time and services by submitting to required screenings and way walking to and from the time clocks.

110. Sam's Club benefitted from the time Plaintiff and the Common Law Class Members spent in the screenings and walking to and from the time clocks.

111. It would be unjust for Sam's Club to retain the benefit of Plaintiff's and the Common Law Class Members' time spent in Sam's Club's required screenings and the time spent walking to and from the time clocks without paying for such time.

112. By providing unpaid labor, Plaintiff and the Common Law Class Members conveyed a benefit to Sam's Club which Sam's Club knowingly received.

113. Instead of incurring significant business, operating, and labor costs by paying for these services, Sam's Club knowingly shifted that responsibility, risk, and considerable cost to Plaintiff and the Common Law Class Members. As a result, Sam's Club was unjustly enriched because those shifted costs were borne and absorbed by Plaintiff and the Common Law Class Members.

114. Sam's Club is not entitled to this benefit without payment to Plaintiff and the Common Law Class Members, and retention of such benefits, without payment, would be unjust to Plaintiff and the Common Law Class Members.

115. By the course of conduct set forth above, Sam's Club is liable to Plaintiff and the Common Law Class Members.

116. Due to Sam's Club's actions, Plaintiff and the Common Law Class Members are entitled to recover all of their unpaid regular (but not overtime) compensation, and such other legal and equitable relief stemming from Sam's Club's conduct.

## JURY DEMAND

117. Plaintiff hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

118. Plaintiff, individually and on behalf of all the Class Members, pray that the Court:

a. Certify that this action may proceed as a class action under Fed. R. Civ. P. 23;

b. Appoint Plaintiff as Representatives of the Classes, and appoint their counsel as Class Counsel;

c. Find and declare that Sam's Club's policies and/or practices described above violate Illinois law;

d. Award all unpaid wages, unpaid overtime, liquidated damages, penalties, interest, and/or restitution to be paid by Sam's Club for the alleged causes of action;

e. Award costs, and expenses, including reasonable attorneys' fees and expert fees;

f. Award pre-judgment and post-judgment interest, as provided by law; and

g. Order such other and further legal and equitable relief the Court deems just, necessary, and proper.

Date: August 21, 2026

Respectfully submitted,

By: /s/ *Don J. Foty*

Don J. Foty
State Bar No. 24050022
Foty Law Group, P.C.
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@fotylawgroup.com

*Counsel for Plaintiff and the Class Members*